May it please the court, the petitioner was removed on absenteeism charges from her position with the Department of Army, specifically the Joint Special Operations Command. She filed an appeal with the Merit Systems Protection Board, the Department of Army opposed jurisdiction, arguing very specifically that that was an intelligence component properly designated by appropriate authority to exclude its employees from jurisdiction of the MSPB. They submitted all the evidence they had to demonstrate that. The administrative judge found that they were such a designated entity and dismissed for lack of jurisdiction. The petitioner appealed, the Merit Systems Protection Board correctly found that the evidence submitted did not demonstrate they were a properly designated entity. Specifically it was a lot of evidence indicating that that she was exempt, but that there wasn't any actual evidence that anyone with appropriate authority had ever said this particular activity is an exempt intelligence component. The board however then created for the first time an exception that does not exist in law to say that while she is not an improperly designated component, that there is some sort of broader application of the law that would say well it looks like an intelligence component and she's under a personnel system that would be applicable to such employees, so therefore we're going to find that there is no jurisdiction. The problem with that of course is that it's circular. It's saying that because the agency is treating her as though she's exempt, therefore she must be exempt rather than arguing whether or not or demonstrating that she was properly viewed as exempt to begin with. There is no argument that they listed her under a personnel system designation that would normally be applicable to employees who do not have MSBB appeal rights. However there is no evidence as to why she was under that personnel system, whether she was correctly under that personnel system, or whether anyone with proper authority with Department of Defense or Department of Army ever made such a determination to put her there. Now under the board's approach, any time an agency would prepare the appropriate paperwork, and by agency I don't mean broader agency, it would be a particular command or even a department within a command, so long as someone prepares a document indicating that we're going to put these employees under this personnel system, that that would be preclusive of them having jurisdiction. That's just not how the statute reads. The statute is very clear that certain types of employees are, and how we figure out who those employees are is we look to see if they are an employee of a designated intelligence component, and there's no such evidence of that here. Certainly not enough that they would prevail. Importantly, the Army never even argued that there was any other entitlement to preclude its employees other than being one of these designated components, and the first time anybody saw this argument was in the board's decision. Now 10 U.S.C. 1601 specifically limits who is excluded to particular employees as listed and employees of intelligence components. 1614 defines the terms used in that section of the code, and specifically 1614.1 says an excluded employee is one working for an intelligence component, and 1614.2 says that component must be designated. They don't get to get around the determination that somebody at an appropriate level has made that determination. Now they assert in briefs that the Secretary of Defense may delegate that authority, and obviously that's so, but somebody has to make that determination, and they have to make it for that particular component. This court has addressed essentially the same sorts of arguments before in Zarkowski v. MSPB, where the court notes that there are many agencies that may perform intelligence functions or have intelligence components. I don't want to use the word components because that's under the statute, but parts of them that perform intelligence duties or things related to intelligence, but that does not equal that they are going to be viewed as exempt. Instead, Zarkowski says that you can't just say because we say you are one of those activities that's good enough, you have to be able to present evidence or prove that you are one of those particular activities that is excluded from the civil service law. She was an intelligence specialist, right? That's correct, Your Honor. In the Intelligence Operations Division, Directorate of Intelligence. That's correct. That's not enough? It is not. It may be that there would be legitimate reasons for an appropriately authorized official to designate that command to be one of these intelligence components. And the designation isn't inherent in the name of the division and her job description? Your Honor, I would have to double check, but my suspicion is that that organization was named before the statute was passed. So the idea that in naming that organization there was an intent to exclude them, I doubt very much that that's true. Zarkowski would be in the same situation where you had an employee who you could easily imagine reasonable arguments as to why that position would be a position that someone might want to exclude. But we don't just assume that, and certainly the MSPB should not be in the position of assuming that, based just on that. And in particular, the purpose of the statute, as the Court recognized in Zarkowski, is that it has to be done by an appropriate official at an appropriate level. And there may be many things that go into their determination to do that. And as Zarkowski knows, there are a lot of agencies that do intelligence functions. So they may very well have people who are listed as intelligence specialists, but that does not mean that they are one of those components. Specifically, the distinction that should be noted here, that both the Board and the Army argue in brief, is they want to assert that the petitioner's argument is that they are somehow required to show that her particular position has been designated as exempt from Board jurisdiction. That is not true. That is not what has ever been argued. It is clear under the statute that what determines that is what her component is, or what her employing intelligence component is. And that's one of these designated intelligence components. The positions would fall under that, and clearly the statute intended that they could broadly exempt relatively large numbers of employees by designating that particular component to be one of these exempt ones. But they didn't do that. And the petitioner has ample confidence in the Army's counsel below that if there had been such evidence, it certainly would have been produced. And it was not. The Board should not be in the position of trying to bail out this local activity because someone at that activity at some point, and we don't know who or when or what rank they were or anything else, decided they were going to shift at least some of their employees into a personnel system that really ought to be used for exempt employees. If the Department of Army at large had wanted them to be exempt, they would have done that. And Your Honor, I have some rebuttal time saved, but that's essential. Yes, we do. Thank you, Mr. Nieuwer. Ms. Redmond. Good morning. May it please the Court. Ms. Johnson was not within the Board's jurisdiction because she was employed in an intelligence activity of a military department. What is the MSPB's answer to this question, this requirement of designation? There are two ways to be exempt from the Board's jurisdiction. One is to be exempt because the Department of Defense has so designated the position under. And also, there is a second. The statute says, or to be an employee in an intelligence activity of a military department. If we will look at, Your Honor, the appendix, there are various memoranda in the appendix where the Department of Defense, Office of the Assistant Secretary, designated the memorandum, and that's at 40 in the joint appendix, memorandum for secretaries of military departments. And where the Department of Defense designated to the military departments the authority to set up positions under these two activities of the Board. First, it started out as a Civilian Intelligence Personnel Management System, or SIPMS, and that became Defense Civilian Intelligence Personnel Systems after 10 U.S.C. 1590 was repealed. But where is the designation? The designation, Your Honor, is in the July 20, 1999 memoranda. And then if you look at the Department of Army's designation, which is 690 regulations, Department of the Army has put in its procedures for various positions, various positions and people who fall within the military or intelligence activity of the Department of Army. Yes, that authorizes the designation, but I was looking for the specific designation of the department for which Bruce Johnson worked. Her position is Series 132, and if you would look, Your Honor, at the memoranda from the Department of Army, on I-20, you would see the SIPMS qualification standard for intelligence, 0132 positions are applicable, and now in DSEPS position, what would happen if I may, Your Honor, when 1590 was repealed? The authority in 1590 was carried over in 10 U.S.C. 1601, subchapter 1 of chapter 83. There is a complete memorandum to show that all of the authority that was under the original personnel system was carried over under the new system in 1601. There is no question of the authority to designate. Your opponent has said that an explicit designation was not made for the department in which Johnson worked. The explicit designation, Your Honor, is in, if you look at 19, Defense Intelligence Personnel System, and you look at 19 and 20, it's on page 19 and page 20, and you also look at, Your Honor, the additional, on page 40, and you also look at, page 40 is the Deputy Assistant Secretary of Defense delegating to the departments, including the Department of Army, of all military departments, the implementation of Defense Civilian Intelligence Personnel Systems. That's the new system that was brought about when section 1590 was repealed and put in its place was 10 U.S.C. 1601. Isn't it your position that you don't need a designation because of the or? You don't need a specific designation because it said if you are the Secretary of Defense can designate as an intelligent component of the Department of Defense or you can be an employee in an intelligence activity of the military departments. Ms. Johnson was an employee in the military departments because her position was in the 132 series and she does not dispute that her position was in the 132 series and she does not dispute that that position was designated so by the Department of Army. The plaintiffs make much ado about Zarkowski. Zarkowski is not applicable. Zarkowski deals with a situation where this, where the individual was failed to demonstrate that the president or his lawful delegate had explicitly exempted the Navy's Office of Special Projects under the Whistleblower Protection Act. This case that we're dealing with now is not under the Whistleblower Protection Act and so it's not relevant to what we're dealing with now. We're dealing with the other part of the statute where there needed to be a designation and in Zarkowski the court said there was no designation and remanded this case. We don't have the same thing here. What the petitioner is complaining about is a disagreement of the board's interpretation of a statute. The board interpreted the statute according to the statutory provisions that Ms. Johnson was not within the jurisdiction of the board. The petitioner is just wrong. The administrative judge's order specifically referenced 1601. He could have made some references to 1601 but he chose not to do so and the fact that now this court deals with jurisdiction de novo. If the petitioner had some case law, some statute, some regulation that he said he would have presented earlier before the board, he could have brought those statutory provisions to this court where this court deals with jurisdiction de novo. He has chosen not to do so. He was on notice and Ms. Johnson was represented by counsel all through these proceedings and the board was correct when it dismissed her case for lack of jurisdiction because she was employed as an intelligence component of a military department. I believe that the board was correct and I believe that the petitioner is incorrect in saying that there needs to be a designation because, father, there is two ways in which you get exempt from board jurisdiction. One, to be an employee so designated as an intelligence component of the Department of Defense and the board has said that Ms. Johnson was not and did not meet that particular test. However, the board determined that Ms. Johnson met the other part of the test. It says, oh, and Ms. Johnson was employed in an intelligence activity of a military department and these memoranda and designations and these authorizations from the Department of Army and regulations have so designated her position. If you look at page 48 of the joint opinion, you see the army regulation 1690.13. 1690.13 also deals with the designation of Ms. Johnson's position as an intelligence activity of a military department and we believe the board was correct and that Ms. Johnson is not within the board's jurisdiction and the board has no jurisdiction to adjudicate her case. On page 48, is this for her position? I'm sorry, ma'am? You said that on page 48. If you look at page 48, the army regulations and the army regulations talked about the civilian intelligence personnel management systems, SIPMs, and that was original and we have. What does it identify her position? Her position is identified on page 38, I believe. It's on page 38 of the joint, page 38.56, where it says secretaries of military departments shall exercise authority under 1609 relating to termination of employment and also, if you look, Your Honor, it says any employee in a defense intelligence position in their respective military departments, according to reference C, but I'm looking for where that specific department or position or both are designated. Her specific position, if you look under 16913, it says a regulation order that all positions, I'm on 16913, I believe it's page 38, 16913, it says all positions, I wrote it, it says all established new positions and all positions, regulations order that all positions in GS and GM 132 or 134 series would be included under 16913. Page 48 and 49. And if you go back, Your Honor, to page, if you go back to page, if you go back to page 42 in the intelligence, page 42, it talks about the intelligence specialist position, 132, and it talks about that position being under SIPMs, and then if you go to the regulations, you will see page 42 in her position description. Okay, so that's what I've been looking for is the designation for that position. Her position was designated, her position was designated in SIPMs, if you go to 48, is it 53, I believe. If you go to, Your Honor, if you go to 16913 again, and if you go to the regulations at, go to the regulations on page 19, and you follow that through to page, I think it's 22. I don't see the page number right now, Your Honor, but I know I wrote it. Look at, there is a designation in one of the regulations that I wrote down, but I just don't see it right at the moment, where 132 was, series 0132 was designated as a part of the DSETS, the new personnel system, and when that was designated as a part of the new personnel system, all of the provisions that had been in the original jurisdiction was carried over to the new system. And if you look at 6913, and if you look at page 48, if you compare page 48 with page, in the regulations, this is on the regulations, 6913, and if you compare that over to page 1, I just don't see it right this moment, Your Honor. I wrote it down, I just don't see it. So the gap in what you're telling us is showing that the previously designated position, or the previous position, was expressly designated. Well, the previous position under the original jurisdiction, where the Army had the civilian intelligence personnel management systems, when 1690 was repealed, those provisions were carried over in 10 U.S.C. 1601, and then there's designation that says that all of the provisions in the original provision was carried over in the new system. The new system was named Defense Civilian Intelligence Personnel System. Ms. Johnson was originally at 132 in the earlier system, and everyone who was in the earlier designation was carried over in the new system, and the new system had her position as an intelligence activity under a military department. If you look at, even in the briefs, Your Honor, we reference section 690. We also reference section 690, reference section 1400. That also talks about Mrs. Johnson's position being in the original personnel system that carried over in the new personnel system, and all of the provisions of the old personnel system was carried over when 1690 was repealed. And so she is under an intelligence activity in a military department, and her position is covered. The Secretary of Defense can designate, but there needed to be no designation specifically, because the statute specifically said a designation by the Department of Defense, the Secretary of Department of Defense, or be a position in a military department, an intelligence activity in a military department. Ms. Johnson's position in and of itself was in, her position was an intelligence specialist. She was in the Department of Army. She has not refuted that her position was one of an intelligence nature. She comes now to say that she was not so designated, and we have said that, no, she was not designated. The board agreed that she was not designated by the Department of Defense, but that statute has two prongs to it. She comes not under the first prong of the statute, but she comes under the second prong of the statute, where she is an employee in an intelligence activity of a military department, and being so, she is exempt from board jurisdiction, and the board so held. And I don't believe they have put forth any statute, regulation, or case law that would say otherwise. Okay. Thank you, Ms. Johnson. Mr. Hooper, why isn't the second prong of the statute applicable here, intelligence activity of a military department, so that no designation was necessary? Your Honor, the statute speaks to intelligence components. That is defined in 1614.2 as a component that has been specifically designated. There is no exception for other things that we are going to do. The second prong refers to 1601. 1601 refers to the positions, and the terminology in 1601 is all defined in 1614, so that we know what positions those are. If you look at 1601.1, it lists two things, either an intelligence senior level position, which she is not, or positions in defense intelligence senior executive service, which she is not. And then it says two, and then it indicates defense intelligence positions in the intelligence components of the Department of Defense and the military departments. Those components are defined in 1614. What they are arguing here today is why... Where is the word components in 1601? 1601.A1 establishes positions in the accepted service, such as defense intelligence positions in the intelligence components of the Department of Defense. My statute says intelligence functions of the department. Maybe we have a different version. All right, go ahead. You still don't get around 1614. And their argument that you would look at the regulations in the appendix, if you look at page 19 of the appendix, which is the very first page of the regulations for DCIPs, it specifically indicates that it is applicable only to employees of specifically designated components. We are not arguing that that is not the personnel system for employees who are exempt. What we are arguing is that she is not properly evaluated under that personnel system  You don't start at the end to say, because the agency treated her that way, it must be true when the statute requires a designation. In the absence of that, well, essentially you don't use what position item they happen to put on SF-50 to trump a specific statutory requirement for a designation of their employee in command to be one of these required entities. And the problem with what the board did here is not that I did not have the opportunity to argue about the applicability of 1601 below. It's that the Army never even contended that its authority to exclude was that broad. They contended exclusively that their authority was because that was a designated component and that just wasn't so. And thank you, Your Honor. Okay. Thank you both, Mr. Whitley and Ms. Rabin.